**Dated: September 4, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**ASHER HOMES, LLC**<br><br>**Debtor.** | **Case No. 25-10067-T**<br>**Chapter 11** |

**<u>ORDER CONVERTING CASE TO A CASE UNDER CHAPTER 7</u>**

THIS MATTER comes before the Court pursuant to the Motion to Convert Case to Chapter 7 (the "Motion"),[1] filed by Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee"); a Joinder to the Motion,[2] filed by SpiritBank; a Joinder to the Motion,[3] filed by Justin Fengler and Marissa Fengler, Trustees of The Fengler Family Trust (the "Fenglers"); and an Objection,[4] filed by Asher Homes, LLC ("Debtor"). On June 20, 2025, the Court approved a Stipulation between Debtor and the U.S. Trustee in which 1) Debtor agreed to take various actions to implement its duties under the Bankruptcy Code; 2) the U.S. Trustee waived the requirement

---

[1] ECF No. 110.
[2] ECF No. 137.
[3] ECF No. 139.
[4] ECF No. 153.

under § 1112(b)(3) that the Court commence a hearing on the Motion within 30 days of its filing; and 3) the U.S. Trustee reserved the right to request a hearing on the Motion in the event Debtor did not comply with any provision of the Stipulation.[5] On June 2, 2026, the U.S. Trustee filed a Supplement to the Motion (the "Supplement")[6] and requested the matter be set for hearing. Executive Homes, LLC filed a Joinder to the Supplement.[7] The Court held an evidentiary hearing on the Motion on August 24, 2026 (the "Hearing"). After receiving evidence and hearing argument, the Court took the Motion, Objection, Supplement, and various Joinders under advisement. The following "Findings of Fact" and "Conclusions of Law" are made pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014. For the reasons set forth below, the Court finds this case should be converted to a case under chapter 7 of the Bankruptcy Code.

**Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[8] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). This matter is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

**Findings of Fact**

Debtor is a Limited Liability Company organized under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. This case was filed as a voluntary proceeding under chapter 11 of the Bankruptcy Code on January 20, 2025 (the "Petition Date").[9]

---

[5] ECF No. 177.

[6] ECF No. 412.

[7] ECF No. 419.

[8] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[9] Petition, ECF No. 1.

Debtor continues to operate and manage its business as a debtor in possession pursuant to §§ 1107 and 1108. Daniel Ruhl ("Mr. Ruhl") is the sole member and the designated representative of Debtor.

Debtor is in the business of residential building construction.[10] Debtor represents that between 2020 and 2022, it was the victim of embezzlement by a former employee.[11] According to Debtor, the embezzler stole millions of dollars and altered corporate books, invoices, receipts, and other documents to hide the embezzlement.[12] As a result, Debtor was unable to complete building projects and to pay numerous contractors, subcontractors, and service providers.[13] Within one year of the Petition Date, there were at least 34 civil cases pending in Oklahoma state courts naming Debtor as a Defendant.[14]

As of the Petition Date, Debtor's estate consisted of 24 residential lots with single-family homes in various states of completion (the "Properties").[15] While the Properties were valued at more than $12 million in the aggregate, each was subject to one or more secured liens. Debtor has no on-going business operations; this has effectively become a liquidation case. Debtor initially projected that the sale of the Properties would generate a substantial return to unsecured creditors. This projection has not materialized. Debtor reports that it has now sold all but two of its original Properties. A motion to sell the two remaining Properties is now pending.[16] According to Debtor's

[10] ECF No. 18, at 2 ¶ 7(C).

[11] ECF No. 1, at 149 ¶ 10; ECF No. 121, at 1 ¶ (A)(4).

[12] ECF No. 121, at 1 ¶ (A)(4).

[13] *Id.*

[14] ECF No. 1, at 142-48. Elsewhere, Debtor represented that 36 such cases were pending within 1 year of the Petition Date. *See* ECF No. 20, at 2.

[15] ECF No. 1, at 11-14. An amended petition shows Debtor held fee simple ownership in 23 properties valued at just under $12 million on the Petition Date. *See* ECF No. 492, at 6-9.

[16] ECF No. 406.

latest monthly operating report, as of June 26, 2026, it held $116,023 in cash for payment of administrative expenses and distribution to unsecured creditors.

In preparation for the Hearing, the U.S. Trustee and Debtor entered into and filed a stipulation (the "Second Stipulation") that "Cause exists in this case pursuant to 11 U.S.C. § 1112(b) for the Court to dismiss the case or convert it to a case under Chapter 7."[17] The U.S. Trustee requests that this case be converted to a case under chapter 7 to allow the appointment of a trustee. Such a trustee would oversee the liquidation and distribution of Debtor's remaining assets as well as investigate potential fraudulent transfer actions between Debtor and several affiliated entities owned by Mr. Ruhl. While it acknowledges that it does not currently have evidence of such transactions, given the numerous allegations that have been raised in the various state court lawsuits, the U.S. Trustee believes the most prudent course would be to appoint an independent chapter 7 trustee authorized to scrutinize Debtor's pre-petition interactions with related entities. As noted, creditors SpiritBank, the Fenglers, and Executive Homes, LLC have joined the U.S. Trustee in seeking conversion of this case to chapter 7.

While Debtor acknowledges that cause exists for dismissal or conversion under § 1112(b), it believes creditors would be better served by dismissal of the case.[18] At the Hearing, Mr. Ruhl testified that he owns and controls several affiliated companies that have been unfairly entangled in the state court litigation involving Debtor (together with Mr. Ruhl, the "Ruhl Entities"). Mr. Ruhl asserts that each of the Ruhl Entities conducts business affairs that are distinct and separate

[17] ECF No. 485.

[18] On August 7, 2026, Debtor filed a Motion for Dismissal of Chapter 11 Case pursuant to § 1112(b) (the "Dismissal Motion"). ECF No. 471. Although the Dismissal Motion was not separately heard at the Hearing, both parties addressed the issue of dismissal as an alternative to conversion.

from Debtor, and that Debtor and the Ruhl Entities do not share common creditors or assets.[19] Based on Mr. Ruhl's belief that no fraudulent or preferential transactions have occurred between the Ruhl Entities and Debtor, Mr. Ruhl testified that Debtor has not taken any action to investigate or look for such transactions. Mr. Ruhl testified that, despite Debtor's best efforts, much of the anticipated equity in the Properties did not materialize, and only a small amount of cash remains in the estate. Debtor believes creditors will be best served by using those funds to pay current administrative fees and distribute the remainder to unsecured creditors. Because Debtor believes litigation against the Ruhl Entities would be fruitless, it concludes that conversion will result in additional administrative fees with no corresponding benefit to creditors. Debtor argues that most secured creditors have pending lawsuits against it in state court, and a conversion of this case to chapter 7 will further delay resolution of those cases.

**Conclusions of Law**

Section 1112(b)(1) provides in relevant part that "on request of a party in interest, and after notice and a hearing, the court *shall* convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]"[20] Based on the Second Stipulation, the Court finds cause under § 1112(b) has been established.[21] Therefore, the question before the Court is not ***whether*** cause exists to dismiss or convert this case, only ***which*** alternative—conversion or dismissal—is preferable.[22]

[19] *See* ECF No. 471, at 3.
[20] § 1112(b)(1) (emphasis added).
[21] ECF No. 485.
[22] *See In re DB Cap. Holdings, LLC*, No. 10-25805, 2011 WL 5520439 (Bankr. D. Colo. Nov. 14, 2011) (facing similar query).

The Court has broad discretion to decide whether dismissal or conversion is in the best interest of creditors and the bankruptcy estate.[23] The best interests of creditors test focuses on the interest of the entire creditor body, not the interest of any single creditor.[24] In applying the test, courts focus on the economic value of the debtor; the economic value of the debtor in a converted case is compared to its value after dismissal.[25] As one court noted:

> Conversion supports the Bankruptcy Code policy of "vigorous maximization of the value of the economic enterprise." *In re Staff Inv. Co.*, 146 B.R. 256, 261 (Bankr. E.D. Cal. 1992). Value for the estate and creditors may be enhanced through a trustee's avoiding powers if the trustee discovers assets to bring into the estate. *See In re Ameribuild Constr. Mgmt., Inc.*, 399 B.R. 129, 134 (Bankr. S.D.N.Y. 2009) (Chapter 7 trustee would be "independent fiduciary" who could examine claims and transactions and prosecute as appropriate). Value also may be created where, by converting the case, an orderly liquidation of the debtor's assets will occur and a prompt conclusion to the bankruptcy process may be anticipated. And where a majority of creditors favor one result over the other, "the consensus of a majority of . . . creditors" is another factor which may guide the court in determining what is in their best interests. *Rollex Corp. v. Assoc. Materials, Inc. (In re Superior Siding & Window)*, 14 F.3d 240, 242 (4th Cir. 1994).
>
> The possible benefits of conversion must be weighed against the incremental costs to the estate. Where a trustee would impose an unaffordable burden, dismissal may well be in the estate's best interests. *Midwest Props.*, 2010 WL 5258977, at *6. But where there is a prospect of the recovery of assets, conversion may be in the best interests of the estate and the creditors despite these costs. *See BH S & B Holdings*, 439 B.R. at 351.
>
> And a trustee's ability to examine the estate as an independent fiduciary and administer it in an orderly fashion protects creditors, just as "the benefits of bankruptcy protection" benefitted the debtor. *Tuscan Sun,* 2010 WL 4929444, at *5. Viewed another way, if "[t]he creditors ... are better served by the centralized collection and disbursement provided by the bankruptcy process," then conversion, rather than dismissal, is in the best interests of creditors and serves as the preferred remedy. *Coachworks*, 2010 WL 5348422, at *7.[26]

[23] § 1112(b)(1); *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989); *In re Preferred Door Co., Inc.*, 990 F.2d 547, 549 (10th Cir. 1993); *In re C.M. Heavy Mach., LLC*, 671 B.R. 309, 326 (Bankr. E.D. Okla. 2025).

[24] *In re DB Cap. Holdings*, 2011 WL 5520439, at *3.

[25] *Id*. (citing *In re OptInRealBig.com, LLC*, 345 B.R. 277, 290 (Bankr. D. Colo. 2006)).

[26] *In re Babayoff*, 445 B.R. 64, 82 (Bankr. E.D.N.Y. 2011).

Notably, the statutory language of § 1112(b)(1) does not refer to a debtor's best interests, and the case law construing that section universally indicates that the debtor's interest is irrelevant.[27] Debtor argues that the added administrative expenses of a trustee under chapter 7 will deplete the estate of assets that could otherwise be distributed to creditors. The U.S. Trustee, SpiritBank, the Fenglers, and Executive Homes, LLC each advocate conversion instead of dismissal.

Here, several considerations weigh in favor of conversion of this case to one under chapter 7, rather than dismissal. If this case is converted, a chapter 7 trustee will be appointed and will be able to investigate pre-petition transactions between Debtor and the Ruhl Entities, with the possibility of recovering assets for the benefit of the estate. Despite Debtor's insistence that no preferential or fraudulent transactions have occurred, the Court finds the better course is to allow an independent trustee to investigate Debtor's pre-petition activities. To the extent there is more value to be realized from this Debtor, the appointment of an independent trustee is the way to find it.

Debtor has made the unusual request that it be allowed to complete the pending sales of two additional Properties before the case is converted. Likewise, counsel for Debtor has asked the Court to delay ruling on this matter pending resolution of its application for payment of professional fees under § 330. Given the Bankruptcy Code's requirement that a motion under § 1112(b) receive expedited resolution, the Court cannot find any authority or rationale for delaying the effect of conversion of this case to chapter 7.[28] A chapter 7 trustee will have the

[27] *In re J.R. Butler, Inc.*, No. 25-15598, 2026 WL 1763259, at *16 (Bankr. D. Colo. June 18, 2026) (first citing *In re Sullivan*, 626 B.R. 326, 335 (Bankr. D. Colo. 2021); then citing *In re Helmers*, 361 B.R. 190, 196 (Bankr. D. Kan. 2007)).

[28] *See* § 1112(b)(3). Debtor suggests the Court rely on § 105(a) to place multiple conditions on the conversion of this case to chapter 7, but provides no authority that would allow the Court to delay or condition a decision under § 1112(b). *See L. v. Siegel*, 571 U.S. 415, 421 (2014) ("We

authority to complete the liquidation of estate assets, pay professionals according to the priority scheme found in § 726, and investigate any causes of action that may be available for the benefit of creditors.

**Conclusion**

Based on the entire record, the Court finds that conversion of this case to one under chapter 7 is in the best interests of creditors and the estate under § 1112(b).

Accordingly,

IT IS HEREBY ORDERED that the Motion to Convert Case to Chapter 7, filed by Ilene J. Lashinsky, United States Trustee for Region 20, *at ECF No. 110*, is hereby GRANTED.

IT IS FURTHER ORDERED that this case be converted to a case under chapter 7 of the United States Bankruptcy Code.

IT IS FURTHER ORDERED that the Clerk of this Court shall give notice of this Order as required under Federal Rule of Bankruptcy Procedure 2002(f)(1)(B).

###

have long held that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.") (internal quotation omitted).